IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| June Gosar, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 2761 |
| Stellar Recovery, Inc., a Florida corporation, and Alpha Recovery Corp., a Colorado corporation, | ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, June Gosar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant resides here, and both Defendants transact business here.

**PARTIES**

3.    Plaintiff, June Gosar ("Gosar"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer debt owed for a Household Finance account, which was then allegedly owed to a bad debt buyer, Stellar

Recovery, Inc. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Stellar operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Stellar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Stellar is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors, like Defendant Alpha.

6. Defendant, Alpha Recovery Corp. ("Alpha"), is a Colorado corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Alpha operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Alpha was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant Stellar is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, both Stellar and Alpha conduct business in Illinois.

8. Defendant Stellar is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, both Stellar and Alpha act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Gosar is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Household Finance account. At some point in time after that debt became delinquent, Defendant Stellar bought Ms. Gosar's Household Finance account, and when Defendants began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, via letter, dated January 31, 2011 and successfully faxed on February 2, 2011, one of Ms. Gosar's attorneys at LASPD informed Defendants, in writing, that Ms. Gosar was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Gosar was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

11. Nonetheless, despite being advised that Ms. Gosar was represented by counsel and refused to pay the debt, Defendants directly called Ms. Gosar in an attempt

to collect the Household Finance account.

12. Accordingly, on February 21, 2011, Ms. Gosar's attorneys at LASPD again informed Defendants in writing that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Undeterred, Defendants sent Ms. Gosar a collection letter dated, March 24, 2011, demanding payment of the Household Finance debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on March 27, 2011, Ms. Gosar's LASPD attorneys had to inform Defendants, yet again, that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

4

19. Here, the letters from Ms. Gosar's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Gosar was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Gosar was represented by counsel, and had demanded a cessation of communications with Ms. Gosar. By directly calling Ms. Gosar and sending her a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, June Gosar, prays that this Court:

5

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gosar, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Gosar, demands trial by jury.

    June Gosar,

    By: /s/ David J. Philipps___
    One of Plaintiff's Attorneys

Dated: April 26, 2011

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com